FILED
2016 Apr-14  PM 02:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR LEE GILES, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )    Case No. 2:06-cv-0348-CLS-TMP |
| | ) |
| CARTER DAVENPORT,[1] Warden, | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM OPINION AND ORDER ON RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT

This court entered a memorandum opinion and order on April 3, 2013, denying the petition for writ of *habeas* corpus filed by Arthur Lee Giles pursuant to 28 U.S.C. § 2254, and seeking relief from his state court conviction for capital murder and death sentence.[2]   Giles subsequently filed, pursuant to Federal Rule of Civil Procedure 59(e), a timely motion to alter or amend that judgment.[3]   The following day, he filed a second motion, asserting additional grounds for the same relief.[4]   Following consideration of the

---

[1] Carter Davenport was substituted for Grant Culliver as defendant because Myers is the current Warden of the State of Alabama's Holman Correctional Facility, at which petitioner is housed. *See* Fed. R. Civ. P. 25(d) (providing that, when a public official who is named as a party in an official capacity ceases to hold office while the action is pending, "the officer's successor is automatically substituted as a party").

[2] *See* doc. nos. 68 (Memorandum Opinion Denying *Habeas* Relief) and 69 (Order Denying *Habeas* Relief).

[3] *See* doc. no. 70 (Motion to Alter or Amend Judgment).

[4] *See* doc. no. 71 (Second Motion to Alter or Amend Judgment).

motions and the parties' briefs,[5] this court concludes that both motions are due to be denied.

## I.  STANDARD OF REVIEW

No specific grounds for relief are stated in Federal Rule of Civil Procedure 59(e), which addresses motions to alter or amend a judgment. Instead, the rule provides only that such motions "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Consequently, the standards for ruling upon such motions are found in case law, which generally holds that the decision of whether to alter or amend a judgment is committed to the sound discretion of the district court. *See, e.g., American Home Assurance Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985).[6]  Even so, the Eleventh Circuit has said that "'[t]he only

---

[5] *See* doc. no. 82 (Petitioner's Amended Brief Showing "Cause" and "Prejudice" to Excuse Procedural Defaults of Certain Claims); doc. no. 88 (Response to Giles's Motion to Alter or Amend the Judgment, Supplemental Authorities, and Allegations of Cause and Prejudice to Overcome Procedural Default of Ineffective Assistance of Counsel Claims); and doc. no. 91 (Petitioner's Reply Brief in Support of Motion to Alter or Amend Judgment and Reply Brief Regarding "Cause" and "Prejudice" to Excuse Procedural Defaults of Certain Claims).  The court notes that petitioner filed a brief on August 22, 2013, and a second brief on September 3, 2013, while simultaneously requesting an extension of time to file his initial brief.  *See* doc. nos. 77 (Brief of Petitioner Showing "Cause" Under *Martinez/Trevino* and Requesting Limited Extension of Time to Complete Briefing on "Prejudice") and 79 (Petitioner's Brief Showing "Cause" and "Prejudice" to Excuse Procedural Defaults of Certain Claims).  The motion for extension of time was granted, and Giles's counsel was allowed additional time to file his initial brief.  *See* doc. no. 80 (Order Granting Motion for Extension of Time).  Giles ultimately filed his initial brief in a timely manner, but exceeded the page limitation.  *See* doc. no. 82.  Even so, the brief has been considered.

[6] *See also, e.g., Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1267 (11th Cir. 1998) (holding that a district court's discretionary denial of a Rule 59(e) motion "is 'especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the

grounds for granting [a Rule 59] motion are newly discovered evidence or manifest errors of law or fact.'" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)) (first alteration supplied, second alteration in original); *see also, e.g., United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (same).   Rule 59(e) may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington, Florida*, 408 F.3d 757, 763 (11th Cir. 2005)); *see also, e.g., Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (same).   Finally, a judgment should not be altered or amended if doing so would serve no useful purpose.   11 Wright, Miller & Kane, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995).[7]

## II.  DISCUSSION OF ISSUES RAISED IN GILES'S INITIAL MOTION TO ALTER OR AMEND THE JUDGMENT

### A.   Ineffective Assistance of Post-Conviction Counsel Pursuant to *Martinez* and *Trevino*[8]

As explained in the Memorandum Opinion previously entered in this case, a

---

litigation") (quoting *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992)).

[7] *Quod vanum et inutile est, lex non requirit* ("The law does not require what is vain and useless"), sometimes stated as *lex neminem cogit ad vana seu inutilia peragenda* ("The law does not require anyone to do vain or useless things").

[8] *See* doc. no. 82 (Petitioner's Amended Brief Showing "Cause" and "Prejudice" to Excuse Procedural Defaults of Certain Claims); doc. no. 91 (Petitioner's Reply Brief in Support of Motion to Alter or Amend Judgment and Reply Brief Regarding "Cause" and "Prejudice" to Excuse Procedural Defaults of Certain Claims).

federal court cannot grant *habeas* relief to a state prisoner unless the petitioner has first exhausted his state court remedies. "'In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.'"[9]

When a state prisoner fails to present a federal constitutional claim in the state courts in a timely and proper manner, resulting in the state court's refusal to address the merits of the claim based on state procedural rules or principles, a federal *habeas* court also is precluded from addressing the claim — *unless*: (1) the state prisoner shows *both* (a) cause for failing to comply with the state's procedural rules, *and* (b) actual prejudice as a result of having failed to do so, *or* (2) the prisoner presents evidence showing that the federal court's failure to consider the claim would result in a fundamental miscarriage of justice. *See*, *e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991);

---

[9] Doc. no. 68 (Memorandum Opinion Denying *Habeas* Relief), ¶ IV.A., at 27 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (in turn citing *Ex parte Royall*, 117 U.S. 241, 251 (1886), and 28 U.S.C. § 2254(b)(1))). 28 U.S.C. § 2254(b)(1) reads as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*Harris v. Reed*, 489 U.S. 255, 262-63 (1989); *Wainwright v. Sykes*, 433 U.S. 72, 81-88 (1977).

This so-called "procedural default doctrine" bars *habeas* review of state court rejections of a state prisoner's federal constitutional claims when three circumstances converge: *i.e.*, (*i*) the last state court to review the claim (*ii*) states clearly and expressly that its disposition of the claim rests on a state-law procedural rule; and (*iii*) the state-law ground "is *independent* of the federal question and *adequate* to support the judgment." *Coleman*, 501 U.S. at 729 (emphasis supplied); *see also, e.g.*, *Harris*, 489 U.S. at 262-63; *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991).

Constitutionally ineffective assistance of counsel typically can serve as "cause" to excuse a procedural default, *unless* the attorney's errors occurred during post-conviction collateral proceedings in state court. That exception is based upon the general rule that "[t]here is no constitutional right to an attorney in state post-conviction proceedings." *Coleman*, 501 U.S. at 752 (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989) (applying the rule to capital cases)) (alteration supplied); *see also id.* at 755 ("*Finley* and *Giarratano* established that there is no right to counsel in state collateral proceedings."); *id.* at 757 ("Because Coleman had no right to counsel to pursue his appeal in state habeas [*i.e.*, state post-conviction collateral proceedings], any attorney error that led to the default of Coleman's claims in

state court cannot constitute cause to excuse the default in federal habeas.") (alteration supplied).[10]

As is often the case in Supreme Court jurisprudence, however, there is an exception to the exception. The Supreme Court's opinion in *Coleman v. Thompson* left open the question of whether a prisoner has a right to effective counsel in state post-conviction collateral proceedings *that provide the first occasion to raise a claim of*

---

[10] As the Supreme Court observed in *Martinez v. Ryan*, – U.S. –, 132 S. Ct. 1309 (2012):

Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, *e.g., Coleman, supra*, at 747–748, 111 S. Ct. 2546; *Sykes, supra*, at 84-85, 97 S. Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, *e.g., Walker v. Martin*, 562 U.S. –, –, 131 S. Ct. 1120, 1127–1128, 179 L. Ed. 2d 62 (2011); *Beard v. Kindler*, 558 U.S. –, –, 130 S. Ct. 612, 617–618, 175 L. Ed. 2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. *See Coleman*, 501 U.S., at 750, 111 S. Ct. 2546. . . .

*Coleman* held that "[n]egligence on the part of a prisoner's postconviction attorney does not qualify as 'cause.'" *Maples v. Thomas*, 565 U.S. –, –, 132 S. Ct. 912, 922, 181 L. Ed. 2d 807 (2012). *Coleman* reasoned that "because the attorney is the prisoner's agent . . . under 'well-settled principles of agency law,' the principal bears the risk of negligent conduct on the part of his agent." *Maples, supra*, at 922, 132 S. Ct., at 922.

*Martinez*, 132 S. Ct. at 1316 (alteration in original, first ellipses supplied, second ellipses in original).

*ineffective assistance of trial counsel*.   Such proceedings have been described as "initial-review collateral proceedings."   *Coleman* suggested, but did not hold, that the Constitution *may* require states to provide counsel in initial-review collateral proceedings because those proceedings are "the first place a prisoner can present a challenge to his conviction."   *Coleman,* 501 U.S. at 755.[11]   Thus, an initial-review collateral proceeding effectively constitutes a state prisoner's "one and only appeal" of a claim that his trial attorney was ineffective, *id*. at 756, thereby potentially justifying an exception to the rule that there is no constitutional right to counsel in collateral

_____

[11] *See Martinez v. Ryan*, 132 S. Ct. at 1316, where the Supreme Court observed that

> *Coleman*, however, did not present the occasion to apply this principle to determine whether attorney errors in initial-review collateral proceedings may qualify as cause for a procedural default.  The alleged failure of counsel in *Coleman* was on appeal from an initial-review collateral proceeding, and in that proceeding the prisoner's claims had been addressed by the state habeas trial court.  See 501 U.S., at 755, 111 S. Ct. 2546.

> As *Coleman* recognized, this marks a key difference between initial-review collateral proceedings and other kinds of collateral proceedings. When an attorney errs in initial-review collateral proceedings, it is likely that no state court at any level will hear the prisoner's claim. This Court on direct review of the state proceeding could not consider or adjudicate the claim.  See, *e.g., Fox Film Corp. v. Muller*, 296 U.S. 207, 56 S. Ct. 183, 80 L. Ed. 158 (1935); *Murdock v. Memphis*, 20 Wall. 590, 22 L. Ed. 429 (1875); cf. *Coleman, supra*, at 730-731, 111 S. Ct. 2546.  And if counsel's errors in an initial-review collateral proceeding do not establish cause to excuse the procedural default in a federal habeas proceeding, no court will review the prisoner's claims.

> The same is not true when counsel errs in other kinds of postconviction proceedings. While counsel's errors in these proceedings preclude any further review of the prisoner's claim, the claim will have been addressed by one court, whether it be the trial court, the appellate court on direct review, or the trial court in an initial-review collateral proceeding.  See, *e.g., Coleman, supra*, at 756, 111 S. Ct. 2546.

7

proceedings.  *See id.* at 755; *Douglas v. California*, 372 U.S. 353, 357 (1963) (holding that states must appoint counsel on a prisoner's first appeal of trial errors).[12]

The Supreme Court carved out such an exception in *Martinez v. Ryan*, – U.S. –, 132 S. Ct. 1309 (2012), saying that:

> To protect prisoners with a potentially legitimate claim of ineffective assistance of trial counsel, it is necessary to modify the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default.   This opinion qualifies *Coleman* by recognizing a narrow exception:   *Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.*

*Id*. at 1315 (emphasis supplied); *see also id*. at 1320 ("Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."). The

_____

[12] As the Supreme Court observed in *Martinez v. Ryan*, 132 S. Ct. at 1317:

> Where . . . the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial, the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance claim.  This is because the state habeas court "looks to the merits of the clai[m]" of ineffective assistance, no other court has addressed the claim, and "defendants pursuing first-tier review . . . are generally ill equipped to represent themselves" because they do not have a brief from counsel or an opinion of the court addressing their claim of error.  *Halbert v. Michigan*, 545 U.S. 605, 617, 125 S. Ct. 2582, 162 L. Ed. 2d 552 (2005); see *Douglas*, 372 U.S., at 357–358, 83 S. Ct. 814 [ alteration in original].

8

*Martinez* Court elaborated its rationale as follows:

> Allowing a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim.   From this it follows that, when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances.   The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial.   The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).[13]   To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. *Miller–El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (describing standards for certificates of

---

[13] The Court's opinion in *Strickland* established a two-pronged standard for judging, under the Sixth Amendment, the effectiveness of attorneys who represent criminal defendants at trial or on direct appeal.

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. *First*, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Second*, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687 (emphasis supplied); *see also, e.g.*, *Williams v. Taylor*, 529 U.S. 362, 390 (2000) (same); *Grayson v. Thompson*, 257 F.3d 1194, 1215 (11th Cir. 2001) (same).

appealability to issue).

*Martinez*, 132 S. Ct. at 1318-19.[14]

The Supreme Court's opinion in *Trevino v. Thaler*, – U.S. –, 133 S. Ct. 1911 (2013), extended the *Martinez* exception to situations in which a state's procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal. *Trevino*, 133 S. Ct. at 1921.

Giles relies upon *Martinez* and *Trevino* to assert that he can overcome the procedural default of several of his ineffective assistance of trial counsel claims due to the following circumstances.[15]

Giles filed an initial Rule 32 petition for collateral review in the state trial court, and amended the petition twice.[16] The Rule 32 court subsequently held an evidentiary hearing at which both testimonial and documentary evidence was presented.[17] During that hearing, Giles's

---

[14] *See also* doc. no. 68 (Memorandum Opinion Denying *Habeas* Relief), at 35-38 (discussing *Martinez*).

[15] Doc. no. 82 (Petitioner's Amended Brief Showing "Cause" and "Prejudice" to Excuse Procedural Defaults of Certain Claims), at 3-30; doc. no. 91 (Petitioner's Reply Brief in Support of Motion to Alter or Amend Judgment and Reply Brief Regarding "Cause" and "Prejudice" to Excuse Procedural Defaults of Certain Claims), at 14-25.

[16] Doc. no. 82 (Petitioner's Amended Brief Showing "Cause" and "Prejudice" to Excuse Procedural Defaults of Certain Claims), at 2.

[17] *Id.*

> state post-conviction counsel recognized that Petitioner had to amend his Rule 32 petition to conform the petition to the evidence presented at the evidentiary hearing. *See, e.g.*, Rule 32 R. Vol. 33, at 8, 36. The Rule 32 court agreed and directed the Petitioner to file an amended petition conforming the pleadings to the evidence within 33 days after the mailing of the hearing transcripts. Rule 32 C.R. Vol. 37, at 596. The transcripts were mailed in November 1999, and state post-conviction counsel advised the court that Petitioner would file his Third Amended Petition by December 21, 1999. Rule 32 C.R. Vol. 37, at 599.

Doc. no. 82 (Petitioner's Amended Brief Showing "Cause" and "Prejudice" to Excuse Procedural Defaults of Certain Claims), at 3. Despite that representation, Giles's state post-conviction counsel did not file his third amended Rule 32 petition until August 14, 2000, which also happened to be the same day on which the trial court entered its judgment denying the claims asserted in Giles's *second* amended Rule 32 petition. Consequently, "the state courts did 'not consider the allegations contained in [Giles's third amended Rule 32] petition because they were never properly before the circuit court.'"[18] In other words, the claims asserted in the third amended petition were procedurally defaulted.

According to Giles, there is "cause" to excuse the procedural default of each of those claims because his post-conviction counsel "suffered a period of severe depression beginning in 1999 and lasting into 2000 — the time during which she was working on the

---

[18] *Id.* at 3 (quoting *Giles v. State*, 906 So. 2d 963, 973 (Ala. Crim. App. 2004)) (alteration supplied).

Third Amended Petition."[19]   Giles also asserts that he was prejudiced by his attorney's failure to comply with the State's procedural rules because of his inability to present the following claims:

### 1.   The claim that 1991 sentencing counsel labored under a conflict of interest[20]

Giles asserts that the court should consider his "Sixth Amendment actual-ineffectiveness claim based on the *conflict of interest* between [his own] interests and his [trial] lawyers' pecuniary interests created by a [state] statutory limit of 50 hours of compensation for out-of-court work."[21]   Giles's amended *habeas* petition, however, did not contain an allegation of *conflict of interest* between him and his trial lawyers growing out of Alabama's statutory caps on attorney compensation.   Instead, the claim reads in its entirety as follows:

---

[19] *Id.* at 4-5 (citing Exhibits A & B, the affidavits of post-conviction counsel Angela Phinney and psychotherapist Nan D. Stromberg).  Mrs. Phinney attests she has suffered from depression since college, and between 1999 and 2000 the condition rendered her "unable to work or concentrate for long periods of time," although she admits she did not seek professional help until 2005.  Doc. no 82-1 (Affidavit of Angela Phinney), at ¶¶ 4-9.  Ms. Stromberg began treating Mrs. Phinney in 2005, and attests Phinney suffers from "Major Depressive Disorder, Recurrent."  Doc. no. 82-2 (Affidavit of Nan Stromberg), at ¶¶ 4-5.  Stromberg has "regularly and continually had sessions" with Phinney on a weekly basis and Phinney "is on an aggressive treatment regime to treat her depression." *Id.*

[20] *See* doc. no. 82 (Petitioner's Amended Brief Showing "Cause" and "Prejudice" to Excuse Procedural Defaults of Certain Claims), at 6-13; doc. no. 91 (Petitioner's Reply Brief in Support of Motion to Alter or Amend Judgment and Reply Brief Regarding "Cause" and "Prejudice" to Excuse Procedural Defaults of Certain Claims), at 23-25.

[21] Doc. no. 82 (Petitioner's Amended Brief Showing "Cause" and "Prejudice" to Excuse Procedural Defaults of Certain Claims), at 6 (alterations and emphasis supplied) (citing doc. no. 45 (First Amended Unified Petition for Writ of *Habeas Corpus* Seeking Relief from Unconstitutional Trial and Conviction of Capital Murder and Sentence of Death), at 109-110).

*(37)  Sixth Amendment Right to Counsel Violated by Alabama Limits on Court Appointed Compensation*

APPLICATION OF 28 U.S.C. § 2254:  This claim was raised in state post-conviction at Vol 43 Tab #R-69 pp. 723-725; Vol 52 Tab #R-71 p. 110.

U.S.  SUPREME COURT PRECEDENT:  <u>Gideon v. Wainwright</u>, 372 U.S. 335, 342 (1963).

364.    At the time of Giles' trial in 1991, the State of Alabama severely limited compensation for attorneys appointed by the court to represent criminal defendants charged in capital cases.    Alabama Code § 15-12-21 (1975).    Arthur Giles was represented by court-appointed attorneys at his sentencing trial.    The lead counsel in Giles' 1991 sentencing trial, Herb Sparks, recalled he was appointed by Judge Holladay when Sparks was sitting in the courtroom for criminal docket call.   Vol 33 Tab #R-60 p. 49.  Though he was lead counsel, this was Sparks' first capital murder case. <u>Id.</u> at pp. 114-115.

365.    The attorneys did not conduct any investigation whatsoever. Counsel's timesheets indicated only 3 hours were spent on "investigation," and Herb Sparks testified that time was spent driving by the Nelson's [*sic*] old farm 11 years after the crime.  Vol 54 Ex 6.  These records indicate counsel was paid a total of $3,064.05, $1860 for time in court and $1000 for out of court. [*sic*] Vol 54 Ex 6.

Doc. no. 45 (First Amended Unified Petition for Writ of *Habeas Corpus* Seeking Relief from Unconstitutional Trial and Conviction of Capital Murder and Sentence of Death), at 109-110 (capitalization and other emphasis in original).

The text of those paragraphs cannot reasonably be construed to raise a claim for ineffective assistance of trial counsel based upon a theory of counsel's pecuniary conflict of interest.    Nor can Giles's citation to *Gideon v. Wainwright*, which only

13

invokes the Supreme Court's holding "that the Fourteenth Amendment makes the Sixth Amendment's guarantee of right to counsel obligatory upon the States." *Pointer v. Texas*, 380 U.S. 400, 401 (1965) (citing *Gideon*, 372 U.S. at 342). Because Giles did not raise the pecuniary conflict of interest theory in his amended *habeas* petition, he cannot now avail himself of *Martinez* in an effort to seek review of that claim.

Moreover, even if the court were to consider Giles's argument as part of a more general ineffective-assistance-of-counsel claim, it would not succeed. This court found Giles's ineffective assistance claim on these grounds to be procedurally defaulted because "the Alabama Court of Criminal Appeals would 'not consider the allegations contained in [the third amended] petition because they were never properly before the circuit court.'"[22] This court also conducted a *de novo* review of this claim, and found it to be meritless because Giles did "not attempt to show how the compensation limits actually adversely impacted his defense. *Strickland* requires a showing of both a professionally unreasonable error by counsel *and* prejudice to the defense caused by that error. Under that theory, Giles has shown neither."[23]

In summary, Giles's reliance on *Martinez* is a moot point, and his post-judgment

───────────────────

[22] Doc. no. 68 (Memorandum Opinion Denying *Habeas* Relief), at 297-98 (quoting *Giles v. State*, 906 So. 2d at 973) (alteration supplied).

[23] *Id.* at 297 (emphasis in original).

arguments and theories concerning the *Strickland* standard[24] either were or could have been raised prior to judgment. There are no material errors of law or fact in connection with the decision on this claim.

## 2. The claim that 1991 sentencing counsel failed to investigate Giles's background[25]

Giles cannot rely upon *Martinez* for this claim either, because the claim was not procedurally defaulted. Instead, this court found the claim to be without merit after conducting a 28 U.S.C. § 2254(d) review of the Rule 32 court's dismissal of the claim for lack of specificity pursuant to Alabama Rules of Criminal Procedure 32.3 and 32.6(b).[26] Additionally, and consistent with the pre-judgment position Giles himself took,[27] this court conducted a 28 U.S.C. § 2254(d) review of the Rule 32 court's

---

[24] As a matter of note, Giles's post-judgment argument that his heretofore unarticulated pecuniary "conflict of interest" theory should have been subjected to *Cuyler v. Sullivan*'s presumed prejudice standard — as well as *Strickland*'s actual prejudice standard — is a non-starter for the reasons set out in the Memorandum of Opinion. *See* doc. no. 68 (Memorandum Opinion Denying *Habeas* Relief), at 297-98. Further, in *Schwab v. Crosby*, 451 F.3d 1308, 1327-28 (11th Cir. 2006), the Eleventh Circuit held that "there is no Supreme Court holding that any kind of presumed prejudice rule applies outside the multiple representation context" addressed in *Cuyler v. Sullivan*, 446 U.S. 335 (1980)).

[25] Doc. no. 82 (Petitioner's Amended Brief Showing "Cause" and "Prejudice" to Excuse Procedural Defaults of Certain Claims), at 13-30; doc. no. 91 (Petitioner's Reply Brief in Support of Motion to Alter or Amend Judgment and Reply Brief Regarding "Cause" and "Prejudice" to Excuse Procedural Defaults of Certain Claims), at 14-23.

[26] Doc. no. 68 (Memorandum Opinion Denying *Habeas* Relief), at 249-62.

[27] *See* doc. no. 44 (Brief in Support of First Amended Unified Petition for Writ of *Habeas Corpus* Seeking Relief from Unconstitutional Trial and Conviction of Capital Murder and Sentence of Death), at 90 (citing 28 U.S.C. § 2254(d)(2), and asserting that "[t]his claim was dismissed on grounds that counsel was aware of this information and decided not to pursue it as a matter of strategy. This is an utterly unreasonable determination of the facts.") (alteration supplied); doc. no. 57 (Reply to

adjudication of the claim based on the evidence presented to it at the Rule 32 hearing.[28] The court has examined Giles's arguments and finds that he is attempting to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment.[29]   There are no manifest errors of law or fact in the court's resolution[30] of this issue.

### 3.   Remaining claims

Giles   asserts   that   post-conviction   counsel's   failure   to   timely   file   the   third amended petition "meant that the state courts did not hear the ineffective assistance of trial counsel claims that were raised or adequately pleaded for the first time in the Third Amended Petition."[31]   To support that argument, he cites to several pages of this court's Memorandum Opinion denying *habeas* relief to demonstrate that this court found his

---

State's Answer to Unified *Habeas* Petition), at 76 (asserting that this claim was "fully litigated at Rule 32 and decided on the[] merits") (alteration supplied).

[28] Doc. no. 68 (Memorandum Opinion Denying *Habeas* Relief), at 258-78. The Rule 32 court expressly considered the evidence presented at the Rule 32 hearing in its judgment. *See* Rule 32 C.R. Vol. 56, Tab. 87 at 85-90, 103-07, 112-115. As admitted by Giles, the purpose of the third amended complaint was to comport the evidence presented at the Rule 32 hearing. Doc. no. 82 (Petitioner's Amended Brief Showing "Cause" and "Prejudice" to Excuse Procedural Defaults of Certain Claims), at 3. In any event, as set out in the Memorandum Opinion, the factual findings made by the Rule 32 court are entitled to deference, and this court found the claim in Giles's *habeas* petition to be without merit. Doc. no. 68 (Memorandum Opinion Denying *Habeas* Relief), at 258-78.

[29] Doc. no. 68 (Memorandum Opinion Denying *Habeas* Relief), at 258-78.

[30] *Id.* at 249-78.

[31] Doc. no. 82 (Petitioner's Amended Brief Showing "Cause" and "Prejudice" to Excuse Procedural Defaults of Certain Claims), at 3.

ineffective assistance claims to be procedurally barred.[32]   He also makes a brief assertion in a footnote that post-conviction counsel's diagnosed depression supplies the cause to overcome the default of the claims, and that certain pages of Giles's pre-judgment supporting brief supply the requisite prejudice.[33]

Giles's blanket citations to pages of this court's Memorandum Opinion and a pre-judgment supporting brief are wholly inadequate to support a Rule 59 motion, or to justify a *Martinez* exception to the procedural default rule.   Moreover, with regard to the singular claim for which this court actually has conducted a *Martinez* review, the court found that *Martinez* did not apply.[34]   Finally, as discussed in the following section, this court conducted an alternative *de novo* review of each of the other claims identified by Giles, and found each claim to be without merit.

In summary, none of the other claims identified by Giles warrant review under the *Martinez* framework.

**B.    Giles's Contention That the Court Failed to Apply Controlling Precedent When Determining Whether Claims Raised for the First Time in His Third Amended Rule 32 Petition Were Barred by Adequate and Independent State**

---

[32] *Id.* (citing doc. no. 68 (Memorandum Opinion Denying *Habeas* Relief) at 40-44, 101, 119, 157, 185, 271, 279-80, 282, 294, 296).

[33] *Id.* at 4 n.1 (citing doc. no. 44 (Brief in Support of First Amended Unified Petition for Writ of *Habeas Corpus* Seeking Relief from Unconstitutional Trial and Conviction of Capital Murder and Sentence of Death), at 10, 19, 35, 90, 93, 94, 97).

[34] *See* doc. no. 68 (Memorandum Opinion Denying *Habeas* Relief), at 101-05.

Grounds[35]

The court has examined Giles's arguments and finds that he is attempting to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment.   There are no manifest errors of law or fact in the court's resolution of this issue.   Moreover, although the court found the claims raised in the third amended petition to be procedurally defaulted, it alternatively found all but three claims to be without merit after conducting a *de novo* review.[36]

As for the remaining three claims, this court examined the first to determine whether cause and prejudice were present to overcome the procedural default under *Martinez*.   It examined the other two claims to determine whether a procedural default would result in a miscarriage of justice. Neither exception to the procedural default rule was found to apply.[37]   Even if this court were to alternatively conduct a *de novo* review of these three claims, the claims would be found to be meritless for the same reasons that the exceptions to the procedural default rule did not apply.

## C.   Giles's Contention That the Court Misapplied Controlling Precedent When

---

[35] *See* doc. no. 70 (Motion to Alter or Amend Judgment), at 11-18; doc. no. 82 (Petitioner's Amended Brief Showing "Cause" and "Prejudice" to Excuse Procedural Defaults of Certain Claims), at 2-4; doc. no. 91 (Petitioner's Reply Brief in Support of Motion to Alter or Amend Judgment and Reply Brief Regarding "Cause" and "Prejudice" to Excuse Procedural Defaults of Certain Claims), at 1-2, 14-30.

[36] *See* doc. no. 68 (Memorandum Opinion Denying *Habeas* Relief) at 40-44, 97-100, 119-20, 157-58, 174-87, 236-38, 271-73, 279-80, 282-84, 292-99, 323-25.

[37] *Id.* at 101-05, 163-66, 173-74.

18

**Determining Whether He Could Show Prejudice Relating to Trial Errors Affecting the Jury, When the Jury Recommended Life Imprisonment Without Parole**[38]

The court has examined Giles's arguments and finds that he is attempting to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment. There are no manifest errors of law or fact in the court's resolution of this issue.

**D**. **Giles's Contention That the Court Misapprehended Controlling Facts When Determining that Juror Sharon Elliott Was Not Biased, and, Missapplied Controlling Law When Concluding That Error Was Harmless**[39]

The court has examined Giles's arguments and finds that he is attempting to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment. There are no manifest errors of law or fact in the court's resolution of this issue.

**E.** **Giles's Contention That the Court Misapplied Controlling Precedent When Determining That the Trial Court's Reliance on the Presentence Investigation Report Did Not Violate Petitioner's Right to Due Process of Law**[40]

The court has examined Giles's arguments and finds that he is attempting to relitigate old matters or to present arguments or evidence that could have been raised

---

[38] Doc. no. 70 (Motion to Alter or Amend Judgment) at 18-35.

[39] *Id.* at 35-46.

[40] *Id.* at 46-57.

prior to judgment.   There are no manifest errors of law or fact in the court's resolution

of this issue.

**F.     Giles's Contention That the Court Failed to Recognize and Missapplied Controlling Precedent When Determining That the Alabama Supreme Court's Decision in *Ex parte Hays* Did Not Violate the Constitution's Ban on *Ex Post Facto* Laws, Because the Court (1) Failed to Determine That the Rule Announced in *Ex parte Hays* Was Foreseeable in Light of the Law Expressed at the Time of Giles's Alleged Criminal Conduct, and, (2) Failed to Recognize That "Procedural" Changes to the Law Can Increase Punishment**[41]

Giles devotes 103 of the 162 pages of his initial motion to alter or amend the

judgment to these arguments.[42]   He also filed a "Notice of Supplemental Authorities,"

citing two Supreme Court decisions that were handed down after judgment was entered

in this case.[43]   Despite the length of those arguments, and even after reviewing the

supplemental authorities identified by Giles, the court concludes that Giles is attempting

to relitigate old matters or to present arguments or evidence that could have been raised

prior to judgment.[44]   There are no manifest errors of law or fact in the court's resolution

---

[41] *Id.* at 57-160; doc. no. 74 (Notice of Supplemental Authorities) at 1-50; doc. no. 91 (Petitioner's Reply Brief in Support of Motion to Alter or Amend Judgment and Reply Brief Regarding "Cause" and "Prejudice" to Excuse Procedural Defaults of Certain Claims) at 2-13.

[42] Doc. no. 70 (Motion to Alter or Amend Judgment), at 57-160.

[43] *See generally* doc. no. 74 (Notice of Supplemental Authorities) (citing *Metrish v. Lancaster,* – U.S.– , 133 S. Ct. 1781 (May 20, 2013), *Peugh v. United States,* – U.S.– , 133 S. Ct. 2072 (June 10, 2013)).

[44] The court notes that Giles's reliance on *Peugh v. United States,* 133 S. Ct. 2072 (June 10, 2013) is misplaced, because that case "involved a direct appeal of a sentence," and "says nothing about the authority to consider an . . . error on collateral review." *Spencer v. U.S.*, 773 F.3d 1132, 1144 (11th Cir. 2014) (citing *Hawkins v. United States*, 724 F.3d 915-916-19 (7th Cir. 2013) (denying

of this issue.

### III.  DISCUSSION OF ISSUES RAISED IN GILES'S SECOND MOTION TO ALTER OR AMEND THE JUDGMENT

Giles's second motion to alter or amend the judgment alleges that the court made a factual error in one sentence of the Memorandum Opinion.[45]   Respondent agrees and points out that a companion sentence also contains a factual error.[46]  Accordingly, the following sentences on pages 323-324 of the Memorandum Opinion are STRICKEN: "A new trial occurred in 1982, resulting in conviction and jury recommendation of life without parole.   The trial court's override of that recommendation and imposition of a death sentence was reversed on appeal and remanded for a new sentencing trial before a new jury."[47]   In place thereof, the Memorandum Opinion is AMENDED to reflect the accurate procedural history, which is: "A new trial occurred in 1982, resulting in a conviction for capital murder and a sentence of death by electrocution.   The second conviction was affirmed, but the Alabama Supreme Court set aside Giles's sentence of

---

rehearing *en banc* because the intervening decision in *Peugh* did not affect collateral review of sentencing errors)); *see also Herrera-Gomez v. U.S.*, 755 F.3d 142, 145-47 (2nd Cir. 2014) (holding that the *Peugh* decision was neither a new substantive rule of constitutional law made retroactive to cases on collateral review nor a watershed procedural rule to be applied retroactively to cases on collateral review).

[45] *See* doc. no. 71 (Second Motion to Alter or Amend Judgment), at 2-3.

[46] Doc. no. 88 (Response to Giles's Motion to Alter or Amend the Judgment, Supplemental Authorities, and Allegations of Cause and Prejudice to Overcome Procedural Default of Ineffective Assistance of Counsel Claims), at 19-20.

[47] Doc. no. 68 (Memorandum Opinion Denying *Habeas* Relief), at 323-24.

death and ordered a new sentencing hearing."

## IV.  CONCLUSION AND ORDERS

After careful review of the arguments, the record, and this court's Memorandum Opinion Denying *Habeas* Relief, Giles's first motion to alter or amend the judgment is due to be, and it hereby is, DENIED.   Giles's second motion to alter or amend the judgment is GRANTED, and the factual errors contained in the Opinion are AMENDED as expressly set out above.

**DONE** and **ORDERED** this 14th day of April, 2016.

_____
United States District Judge